UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 5:22-cr-00050-GFVT-MAS-1 |
| v. | ) ) | **MEMORANDUM OPINION** |
| ROLLIE DESHAWN LAMAR, | ) ) | **&** **ORDER** |
| Defendant, | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Emergency Motion and Supporting Memorandum Re: Imminent Rescheduling of Marijuana [R. 167] and the Motion to Hold Proceedings in Abeyance [R. 169] filed by Shakiyla Lamar.  Because Ms. Lamar does not have standing to assert the rights of Mr. Lamar, the Court **DENIES** both motions.

**I**

On February 29, 2024, a jury convicted Mr. Rollie Lamar on several marijuana-related offenses, including conspiracy to distribute 1,000 kilograms or more of a mixture of substance containing marijuana and the distribution of a mixture or substance containing a detectable amount of marijuana.  [R. 113].  The Sixth Circuit upheld Mr. Lamar's conviction on appeal.  [R. 157].

Relevant to these motions are several actions at the federal level concerning the current scheduling of marijuana.  On December 18, 2025, President Donald Trump signed an Executive Order directing the Attorney General to "take all necessary steps to complete the rulemaking process related to rescheduling marijuana to Schedule III . . . in the most expeditious manner in

accordance with federal law."[1]  Executive Order No. 14370, 90 Fed. Reg. 60541 (Dec. 18, 2025).  As of January 2026, marijuana remains a Schedule I controlled substance under the Controlled Substances Act, meaning that marijuana has no accepted medical use and has a high potential for abuse.  *See* 21 U.S.C. § 812(c)(10).

On December 23, 2025, Ms. Shakiyla Lamar filed these motions "on behalf of Rollie Lamar, Pro Se / Next Friend."  [R. 167].  In her motion, Ms. Lamar requests the Court to "stay enforcement of marijuana-based penalties, order resentencing consistent with Schedule III classification, or hold this matter in abeyance pending final publication of the rescheduling rule."  *Id.*  The Court does not feel that responsive briefing is necessary to decide the procedural issues affecting Ms. Lamar's motion.  Accordingly, the Court decides these motions without a filed response from the United States.

**II**

These motions fail for two reasons.  First, Ms. Lamar is procedurally unable to seek relief on Mr. Lamar's behalf.  Second, even assuming *in arguendo* that she could, the issue is not justiciable.

**A**

The first question before the court is whether Ms. Lamar, rather than Mr. Lamar himself, can proceed *pro se* on behalf of Mr. Lamar.  She cannot.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage

---

[1] President Trump's executive order addresses, specifically, the Department of Health and Human Services' (HHS) recommendation to the Drug Enforcement Agency that marijuana be controlled under Schedule III of the Controlled Substances Act.  Additionally, in May 2024, the Department of Justice issued a proposed rule that would reschedule marijuana to Schedule III.  See Schedules of Controlled Substances: Rescheduling of Marijuana, 89 Fed. Reg. 44597 (proposed May 21, 2024).

and conduct causes therein." 28 U.S.C. § 1654.  Section 1654 authorizes a party to pursue their own claims without an attorney, but the statute "prohibit[s] pro se litigators from trying to assert the rights of others."  *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (collecting cases).  This prohibition against non-lawyer representation "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party [she] purports to represent."  *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015).  In other words, Mr. Lamar could file *pro se* motions himself, but his family and friends cannot do so on his behalf.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties").

Ms. Lamar is not a party to this criminal action.  Ms. Lamar is not an attorney.  The rule against non-attorney representation may seem unjust or arbitrary to a family member trying to help their incarcerated loved one seek justice.  But the rule is designed to protect the legal rights of those same loved ones from being "squandered" by an "ill-equipped layperson," no matter how noble the intent.  For these reasons, Ms. Lamar cannot file motions in this action on behalf of Mr. Lamar.

B

The second question before the Court is whether, notwithstanding the aforementioned procedural issues, Mr. Lamar's motions raise issues that are justiciable.  It is clear that the issue raised in the motions is not justiciable because the issues are not ripe for adjudication.

The doctrine of ripeness seeks to "prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements."  *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985).  "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all."  *Kentucky Press Ass'n, Inc. v. Kentucky*, 454

F.3d 505, 509 (6th Cir. 2006). The doctrine of ripeness thus holds that courts should not decide hypothetical questions, but rather real, substantial controversies. 13B *Wright & Miller's Federal Practice & Procedure* § 3532.2 (3d ed. 2025).

These two motions represent a classic case of a future event that may not occur as anticipated, or at all. Any relief sought by Lamar rests on the ultimate adoption of a proposed rule by the Department of Justice that reschedules marijuana from a Schedule I controlled substance to a Schedule III controlled substance. First, it is not immediately apparent that the proposed rule will become the final rule. Federal departments and agencies can and do withdraw proposed rules. *See* Bridget C.E. Dooling, *Going Through Regulatory Withdrawal*, Yale J. on Regul. (Oct. 13, 2020), https://www.yalejreg.com/nc/going-through-regulatory-withdrawal. Congress itself can enact laws overturning an agency rule that it disagrees with. *See* 5 U.S.C. § 801(b) (the Congressional Review Act provides a mechanism by which Congress may enact a joint resolution preventing a rule from taking effect). Notwithstanding President Trump's December 2025 executive order, which functions effectively as a nudge to the agencies to speed up the rulemaking process, marijuana remains a Schedule I controlled substance.

Further, it is not clear rescheduling marijuana would have any impact on criminal convictions, because "many [Controlled Substance Act] penalties for marijuana violations are written specifically for marijuana and are not tied to its Schedule I classification. Those penalties would remain the same if marijuana moves to Schedule III." Lisa N. Sacco, *Cong. Rsch. Serv.*, IF12715, *Rescheduling Marijuana: Implications for Criminal and Collateral Consequences* (Dec. 30, 2025). The question of whether marijuana's potential reclassification would affect Mr. Lamar's sentencing is a hypothetical exercise that the Court will not address at this time.

## III

Accordingly, and the Court being so advised, it is hereby **ORDERED** as follows:

1. The defendant's Emergency Motion and Supporting Memorandum Re: Imminent Rescheduling of Marijuana [R. 167] is **DENIED**.

2. The defendant's Motion to Hold Proceedings in Abeyance [R. 169] is **DENIED**.

This the 6th day of January, 2026.

Gregory F. Van Tatenhove
United States District Judge